■    In the Matter of Shirley Margolin et al., Respondents, against City of New York, Appellant.— Appeal from an order which, *inter alia*, (1) removed an action from the Municipal Court of the City of New York to the Supreme Court, Kings County, and (2) granted respondents leave to serve an amended bill of particulars.    The action was brought to recover $3,000 damages for personal injuries alleged to have been received by respondent Shirley Margolin in a collision between a motor vehicle in which she was a passenger and a trolley car owned and operated by the appellant, and by her husband to recover $1,500 for medical expenses and loss of services.    Order affirmed, with $10 costs and disbursements.    No opinion.    Beldock, Hallinan and Kleinfeld, JJ., concur; Wenzel, Acting P. J., and Ughetta, J., dissent and vote to reverse the order and to deny the application in its entirety, with the following memorandum: In determining this appeal the history of the litigation is of primary importance.    From March to May in 1951 the respondent wife suffered from a duodenal ulcer which became quiescent in May, 1951.    In September, 1951 she received the injuries complained of.    A notice of claim was filed on October 9, 1951 and thereafter she was examined by a representative of the City Comptroller's office.    On March 27, 1952 respondents commenced this action.    On July 4, 1952 respondent's then attorney died, and on June 18, 1953 the action was dismissed because it had been on the calendar for more than one year (N. Y. City Mun. Ct. Code, § 126).    The following month the respondent wife was hospitalized for her ulcer and surgery was performed on July 30, 1953.    Respondents claim that it was not until 1956 that they learned of their attorney's death.    In December, 1956 they retained their present attorney.    In January, 1957 they moved to open their default in the Municipal Court; in April they served a notice of trial, and in May they served an amended bill of particulars.    In September, 1957 they moved (still in the Municipal Court) to examine the appellant before trial, and the examination was completed.    In March, 1958 (about 6½ years after the accident, 6 years after commencement of the action in the Municipal Court, more than 4½ years after the discovery of the alleged grossly aggravated condition claimed to have been the result of the accident, at least 14 months after the application was made to the Municipal Court to open the default [which was about 3½ years after respondents became fully cognizant and aware of the alleged seriousness of the claimed injuries] and more than 6 months after the last proceedings in the Municipal Court were had) respondents applied to the Supreme Court to remove the action to that court and for leave to increase the demand for damages to $150,000.    By this time two of appellant's employees and principal witnesses had left its employ.    Appellant has further been deprived of an opportunity to examine the respondent wife physically as to the claimed aggravated condition until 4 years after the same is claimed to have been discovered.    It would obviously be extremely difficult, if not impossible, for appellant at this late date to procure competent medical proof to refute respondents' contention.    Furthermore, the medical evidence submitted consists solely of the affidavit of a physician called in as a consultant in 1953 (almost 2 years after the accident), although it is alleged that she had been under medical care "more or less continuously on an average of 2 or 3 times a month" before she was seen by said consultant.    Under all these circumstances we are irresistibly drawn to the conclusion that respondents have been guilty of excessively dilatory tactics in making this application for transfer to the Supreme Court and for leave to multiply their claim for damages many times, all with distinct prejudice to appellant, and that the granting of the motion constituted an improvident exercise of discretion.